[No. 2114.]

## FRANKIE LORAINE v. THE STATE.

1. DISORDERLY HOUSE—INDICTMENT.—See the statement of the case for the charging part of an indictment *held* sufficient to charge the offense of keeping a disorderly house. ·

2. SAME—FACT CASE.—But see the statement of the case for evidence held insufficient to support a conviction for keeping a disorderly house.

APPEAL from the County Court of Victoria. Tried below before the Hon. R. H. Coleman, county judge.

This conviction was for keeping a disorderly house. It was had upon an indictment, the charging part of which reads as follows: " * * * That Frankie Loraine, late of said county, on the tenth day of March, in the year of our Lord, 1886, in Victoria county, Texas, did keep a disorderly house, said house being then and there kept for the purpose of public prostitution.

Against the peace and dignity of the State." The penalty imposed was a fine of one hundred dollars.

H. F. O'Conner testified, for the State, that he knew the defendant by sight, but did not know the character or reputation of the house she is charged to have kept. He did not know of his own knowledge that defendant was the keeper of the house described in the indictment.

Bob Thompson testified, for the State, substantially as did O'Conner, and, in addition, that, though he knew the house as the "Mansion" and the "Green Front," and that beer was sold at the said house, he did not know that its reputation was that of a disorderly house, or that the defendant was the keeper of the same.

Louis Grant's testimony was to the same effect.

W. Sterne testified, for the State, that the house described in the indictment had the reputation of being a house of prostitution. He had, within the last two years, at different times, seen the defendant in ostensible charge of it, and at other times saw other parties in charge of it. He did not know that the defendant was ever the keeper of that house.

Deputy Collector Rose testified, for the State, that he knew nothing about the house involved in this prosecution. The defendant had license to retail beer.

The motion for new trial raised the questions discussed in the opinion.

*Stayton & Kleburg* and *J. L. Hill,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. We are of opinion the indictment in this case sufficiently charges the appellant with keeping a disorderly house. (Penal Code, Art. 339; Willson's Crim. Forms, No. 218.)

But we are most clearly of the further opinion that, as presented in the record, the evidence wholly fails to sustain the charge in the indictment or the judgment of conviction which has been rendered in the court below. (McElhaney v. The State, 12 Texas Ct. App., 231; see also, specially, Sara v. The State, ante, 639.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*